

**Todd S. Sharinn**
Direct Dial: (212) 702-3171
E-mail: tsharinn@THSH.com

November 14, 2025

**VIA ECF & EMAIL: Failla_NYSDChambers@nysd.uscourts.gov**
The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007
Tel: (212) 805-0290

**MEMO ENDORSED**

Re:   *Cointelligence Fund LP, et al. v. Baller Entertainment LTD, et al.* (Case No.: 1:25-cv-04472)

Dear Honorable Judge Failla:

This Firm represents Plaintiffs Cointelligence Fund LP ("Cointelligence"), On Yavin ("Yavin"), and Online Performance OÜ ("Online Performance" and, collectively, "Plaintiffs") in the above-referenced action. We write pursuant to Section 9(B)(i) of Your Honor's Individual Rules of Practice in Civil Cases to seek the Court's leave to file a partially redacted Amended Complaint and three sealed agreements between the parties ("Agreements") designed as **Exhibits B**, **J**, and **K** thereto (collectively, the "Confidential Documents").

Plaintiffs submit this request in view of Defendants Baller Entertainment LTD ("Baller"), Astronomica, Inc. ("Astronomica"), and Jonathan Weinberg's ("Weinberg" and, collectively, "Defendants") prior counsel's threats to assert claims against Plaintiffs for a purported violation of the confidentiality provisions set forth in the Agreements. Plaintiffs take no position on the merits of whether the Agreements and events relating thereto (and detailed at length in the Amended Complaint) should be shrouded from public disclosure. While Plaintiffs do not see a need for sealing the Agreements and portions of the Amended Complaint relating and referring thereto, Plaintiffs respectfully defer to Defendants' stated preferences.

I.   **Relevant Background**

Plaintiff Fund entered into an investing agreement with Defendant Baller on or about May 5, 2022 ("Investing Agreement"). *See* Ex. B to the Amended Complaint filed on even date herewith. Pursuant to that agreement, the Fund invested in Baller to fund its development of a blockchain game/project called "Beast League." *Id.* This agreement contained a confidentiality provision. *Id.*

Yavin—the founder of the Fund—and Online Performance subsequently entered into two consulting agreements with Baller, on September 13, 2023, and April 11, 2024 (jointly, the "Consulting Agreements"). *See* Exs. J and K to the Amended Complaint filed on even date herewith. Both agreements contained sweeping confidentiality clauses prohibiting Plaintiffs from disclosing, *inter alia*, "any information, materials, or knowledge regarding [Defendants] and its business, financial condition, products, programming techniques,

1

customers, suppliers, technology or research and development that is disclosed to [Plaintiffs]," as well as "the terms and conditions of the [Consulting] Agreement[s]." *See id.*

In the Amended Complaint, Plaintiffs allege, *inter alia*, that Defendants materially breached each of the Agreements.

## II. Plaintiffs Take No Position as to Whether Good Cause Exists to Seal Portions of the Amended Complaint and Exhibits B, J, and K Thereto

The Second Circuit applies the three-pronged test promulgated in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) to requests for redaction. First, the Court must determine whether the documents sought to be sealed constitute judicial documents. *Id.* Second, the Court must decide the weight of the presumption of public access for such documents. *See id.* And third, the Court "must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Aberdeen City Council v. Bloomberg, L.P.*, No. 23MISC70LAKGWG, 2023 WL 5254757, at *3 (S.D.N.Y. Aug. 16, 2023).

It is undeniable that (1) the Confidential Documents qualify as judicial documents, and (2) a presumptive right of access attaches to complaints and exhibits thereto. *See Nielson Consumer LLC v. Circana Grp.,* L.P., No. 22-CV-3235 (JPO)(KHP), 2024 WL 964598, at *1 (S.D.N.Y. Mar. 6, 2024). Plaintiffs dispute that sufficient factors exist to overcome the presumption of access to the Confidential Documents. However, through this Motion, Plaintiffs seek to provide Defendants an opportunity to address the foregoing factors uncontested.

WHEREFORE, Plaintiffs respectfully submit this motion for leave to file portions of the Amended Complaint and the exhibits comprising the Agreements under seal to permit Defendants an opportunity to share their position with the Court.

Respectfully Submitted,

Todd S. Sharinn

cc:   Counsel of Record (by ECF)

2

Application GRANTED.

The Court chooses to proceed cautiously and GRANTS Plaintiffs' request to file the First Amended Complaint in partially redacted form.  The Clerk of Court is directed to accept the redacted version on the docket (Dkt. #26), and Plaintiffs are directed to separately file the unredacted version under seal.

The Court notes that Defendants have not responded to the above-motion.  At some point, Defendants must justify the need for continued sealing.

The Clerk of Court is directed to terminate the pending motion at docket entry 25.

Dated:    November 24, 2025          SO ORDERED.
          New York, New York

                                     HON. KATHERINE POLK FAILLA
                                     UNITED STATES DISTRICT JUDGE