# O'HAGAN MEYER

### ATTORNEYS ▲ ADVISORS

December 26, 2025

**VIA ECF**
The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007
Tel: (212) 805-0290



MEMO ENDORSED

> **Re:**  ***Cointelligence Fund LP, On Yavin, and Online Performance OU v. Baller
> Entertainment LTD, Astronomica, Inc., Jonathan Weinberg, and does 1-10***
> **Case No.: 1:25-cv-04472**

Dear Judge Failla:

Our office represents Defendants Baller Entertainment LTD ("Baller"), Astronomica, Inc.
("Astronomica"), and Jonathan Weinberg ("Mr. Weinberg") (collectively, "Defendants"). Pursuant to
Section 2(B) of Your Honor's Individual Rules of Practice in Civil Cases and in accordance with Rule
9(B)(i) governing requests to seal or redact judicial filings, we write in response to the Court's
November 24, 2025 Order (ECF No. 28) directing Defendants to state their position regarding
continued sealing of portions of Plaintiffs' First Amended Complaint ("FAC") and its attached
Exhibits B, J, and K. For the reasons below, and as further detailed in Appendix A referenced herein,
Defendants respectfully request that the Court maintain the existing sealing and redactions, and further
seal additional portions of the FAC that contain confidential contractual terms or information derived
directly from the agreements' confidentiality provisions. Defendants further request that the Court
order Plaintiffs to apply complete redactions to the paragraphs identified in Appendix A, in addition to
those Plaintiffs have already partially redacted, and to fully redact the Initial Complaint in its entirety
because it is no longer operative and contains identical confidential material. Defendants also request
that all sealed materials remain under seal through the conclusion of this litigation.

1. **The Agreements at Issue Contain Sweeping Confidentiality Provisions Requiring
   Nondisclosure of All Terms and Related Information**

Exhibits B (Investing Agreement), J (First Consulting Agreement), and K (Second Consulting
Agreement) each contain broad, express confidentiality clauses restricting disclosure of the
agreements and any related confidential business information. Plaintiffs, in their own sealing
submission, acknowledged these clauses and conceded they moved to seal in part because
Defendants' prior counsel raised concerns about potential confidentiality breaches. Plaintiffs admit
these documents are "Confidential Documents" and state they "defer to Defendants' preferences"
regarding sealing. Notwithstanding that purported neutrality, Plaintiffs' letter inconsistently asserts
that they "dispute that sufficient factors exist to overcome the presumption of access," while
simultaneously stating they "seek to provide Defendants an opportunity to address the foregoing
factors uncontested." Plaintiffs cannot both take no position and dispute good cause. Their
contradictions underscore the need for a clear, consistent sealing order. The sealed agreements'
confidentiality provisions broadly define and prohibit disclosure of the agreements, their terms, token

#10424621v1

allocations, compensation structures, and all related business information, requiring sealing of any allegation in the FAC that derives from or quotes such material. For these same reasons, Exhibits B, J, and K must remain fully sealed in their entirety.

2.  **Continued Sealing is Warranted Under the *Lugosch* Framework and This Court's Precedent**

While the FAC is a judicial document, the presumption of access is overcome where, as here, the documents contain confidential commercial information subject to contractual nondisclosure obligations. Under *Lugosch v. Pyramid Co.*, 435 F.3d 110, 124 (2d Cir. 2006), courts may seal judicial documents where countervailing factors outweigh the presumption of access. Here, the agreements' confidentiality provisions and the sensitive business information disclosed throughout the FAC supply precisely those countervailing interests.

Courts in this District—including this Court—routinely maintain sealing of confidential business agreements and related allegations where disclosure would cause competitive harm, risk further breaches of confidentiality, or undermine the purpose of private contractual protections. That is precisely the situation here. See *Dinosaur Fin. Grp. LLC v. S&P Glob. Inc.*, No. 22 Civ. 1860 (KPF), 2025 U.S. Dist. LEXIS 210585, at *6-9 (S.D.N.Y. Oct. 21, 2025) (Failla, J.) (granting sealing where documents contained proprietary commercial terms and parties had negotiated confidentiality provisions); *Aberdeen City Council v. Bloomberg L.P.*, 23 Misc. 70, at *10-11 (LAK) (GWG), 2023 U.S. Dist. LEXIS 143111 (S.D.N.Y. Aug. 16, 2023) (granting sealing of confidential financial and commercial information integral to private business agreements); *Nielsen Consumer LLC v. Circana Grp., L.P.*, 22 Civ. 3235 (JPO) (KHP), 2024 U.S. Dist. LEXIS 39805, at *7-12 (S.D.N.Y. March 6, 2024) (granting sealing of commercially sensitive information); *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 14 MD 2542 (VSB), 2023 U.S. Dist. LEXIS 8010, at *75-92 (S.D.N.Y. Jan. 17, 2023) (granting sealing of competitively sensitive business material). The same interests exist here and warrant sealing of all material governed by the confidentiality clauses in Exhibits B, J, and K. This includes the full set of paragraphs detailed in Appendix A.

3.  **Additional Portions of the FAC Should be Sealed, Beyond Plaintiffs' Proposed Highlighted Redactions**

Plaintiffs' highlighted redactions identify certain paragraphs quoting or paraphrasing contract terms. Defendants agree that those portions should remain sealed. Specifically, Plaintiffs have proposed redactions to portions of ¶¶ 26, 31, 50, 52, 56, 58, 60, 61, 62, 70, 71, 78, 79, 81, 86, 87, 88, 96–99, 111–113, 115, 116, 118, 120, 127, 134, 138, 148, 150, 154, 156, 157, 160, 169, 172, 193, and paragraph C of the Wherefore Clause, of the FAC.

However, not only do many of those paragraphs require complete and/or additional redactions, additional paragraphs in the FAC also describe confidential contractual obligations, token allocations, internal business strategies, and other information derived directly from Exhibits B, J, and K, requiring further redacting. These include additional unredacted paragraphs, as identified and detailed in Appendix A, such as ¶¶ 19–22, 25–27, 31, 39–40, 50–52, 54–62, 64–66, 69–71, 74–76, 78–79, 81–83, 86–91, 94–101, 106, 108, 111–120, 127–128, 134–139, 143–145, 147–148, 150, 154, 156–157, 160–162, 166–169, 172, 175–180, 185–189, 191–198, and paragraph B of the Wherefore Clause, all of which contain confidential business and contractual information that is governed by the

2

#10424621v1

confidentiality provisions in Exhibits B, J, and K. These additional paragraphs—including narrative allegations summarizing compensation, token distributions, development obligations, internal planning, and similar contract-driven content—should likewise be sealed to comply with the agreements' confidentiality provisions. Defendants' proposed additional redactions (as itemized in Appendix A) remain narrowly tailored and limited solely to confidential material protected by the agreements. Defendants therefore request that the Court seal not only Plaintiffs' highlighted portions but also the additional sections enumerated in Defendants' submission of requested redactions, which will be narrowly tailored to the agreements' confidentiality scope. Defendants further request that Plaintiffs be directed to apply these complete redactions in any publicly filed version of the FAC.

4. **Entire Sealing of Exhibits B, J, and K, as well as the Complaint Paragraphs Outlined in Appendix A, is Necessary and Appropriate**

Because the confidentiality provisions cover the entirety of each agreement—and because Plaintiffs' claims rely extensively on confidential terms—the full documents should remain sealed in their entirety. Partial redaction would reveal the overall structure, nature, and commercial terms of the agreements, defeating the purpose of the confidentiality clauses and exposing competitively sensitive internal business information. This is consistent with the holdings in *Dinosaur Financial*, *Aberdeen*, and *Nielsen*, which endorsed sealing entire agreements or documents where broad confidentiality provisions existed and/or commercially sensitive information permeated the documents. Here, disclosure of even the non-redacted portions would permit reverse-engineering of the commercial structure, token economics, and contractual obligations, rendering partial redaction inadequate. The same rationale compels complete sealing of the Initial Complaint, which remains publicly accessible despite containing the same confidential material.

5. **Defendants Reserve All Rights and Make No Concession Regarding Any Past Breach of Confidentiality**

Defendants submit this letter in response to the Court's Order and do not concede or take any position regarding whether Plaintiffs may have previously breached confidentiality provisions. Likewise, Defendants expressly reserve all rights, including any rights to assert counterclaims or other claims based on past or future breaches. Nothing in this submission shall be construed as a waiver of any such rights.

6. **If Plaintiffs Oppose Defendants' Request, Defendants Respectfully Request Leave to File a Reply Letter**

Given Plaintiffs' inconsistent position in their letter motion, Defendants cannot assume Plaintiffs will remain neutral once Defendants propose additional sealing. Should Plaintiffs oppose any portion of Defendants' sealing request, Defendants respectfully request an opportunity to submit a reply to address any such arguments. This is necessary to ensure a complete record on the sealing issues.

7. **Duration of Sealing**

Defendants respectfully request that all sealed materials—both those identified by Plaintiffs and the additional confidential sections identified by Defendants—remain under seal through the conclusion of this litigation unless otherwise ordered by the Court. This request is consistent with the

3

#10424621v1

agreements' nondisclosure provisions, which extend beyond termination. This includes the full sealing of Exhibits B, J, and K, all paragraphs identified in Appendix A, and the Initial Complaint.

**8. Conclusion**

For the foregoing reasons, Defendants respectfully request that the Court (i) maintain the existing sealing and redactions; (ii) grant Defendants' request to seal additional portions of the FAC described herein and in Appendix A; (iii) direct Plaintiffs to file publicly redacted versions of the FAC consistent with Appendix A and to fully redact the Initial Complaint; and (iv) enter an order that all such sealed materials remain sealed until the conclusion of the litigation. Defendants are prepared to submit a version of the FAC with Defendants' proposed additional redactions at the Court's direction.

Sincerely Submitted,

*Arian Hashemi*

Arian Hashemi, Esq., Co-Lead Counsel
Elizabeth Del Cid, Esq., Co-Lead Counsel
*Attorneys for Defendants*
*Baller Entertainment LTD, Astronomica, Inc.,*
*and Jonathan Weinberg.*

cc: All counsel of record via ECF

#10424621v1

The Court has received Defendants' above-request to redact and seal portions of Plaintiffs' First Amended Complaint ("FAC"), and the Court has reviewed Defendants' proposed redactions (Dkt. #40).

Defendants' proposed redactions are overbroad and seek to seal information that is not truly confidential.  The Court therefore DENIES Defendants' motion to seal without prejudice.  Defendants are directed to renew their motion and propose more targeted redactions for the Court's further review.

In an abundance of caution, while Defendants prepare their renewed motion, the Clerk of Court is directed to maintain the Complaint at docket entry one and the FAC at docket entry 26 as viewable only to the parties and the Court.  The Clerk of Court is further directed to terminate the pending motion at docket entry 32.

Dated:     January 28, 2026          SO ORDERED.
           New York, New York


HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE